UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FORTUNET, INC.**, a Nevada corporation, and **MILLENNIUM, INC.**, a Nevada corporation,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>**MELANGE COMPUTER SERVICES, INC.**, a Michigan corporation, and **PLANET BINGO, LLC.**, a California limited liability company,<br><br>Defendants/Counter-Plaintiffs. | U.S. District Court for the District of Delaware<br>Misc. Case No. _____<br><br><br>U.S. District Court for the District of Nevada<br>Case No. CV-S-04-1448 PMP (PAL) |

**DEFENDANT/COUNTER-PLAINTIFF MELANGE'S
BRIEF IN SUPPORT OF MOTION QUASH SUBPOENA DUCES TECUM
DIRECTED TO WITNESS LOCATED IN FOREIGN COUNTRY**

## STATEMENT OF FACTS

The underlying cause in this matter is pending in the U.S. District Court for the District of Nevada. In the underlying case, FortuNet alleges that Melange and Planet Bingo have committed patent infringement in connection with certain electronic gaming products, and Melange and Planet Bingo have counter-sued FortuNet for defamation and tortuous inference.

On December 21, 2005, FortuNet's counsel issued a purported subpoena duces tecum under the auspices of the U.S. District Court for the District of Nevada, which was directed to BK Entertainment, Inc. ("BK"), located at 301 Louth Street, St. Catherines, Ontario, Canada L2S 3V6. This purported subpoenaed directed BK to produce certain documents in Wilmington, Delaware on January 6, 2006 at 5:00 p.m. (Exhibit 1.) Counsel for both BK and Melange promptly lodged written objections to that subpoena duces tecum on the grounds that, *inter alia*, it was issued and served in violation of F. R. Civ. P. 45(b)(2) and the Walsh Act, 28 U.S.C.§ 1783. (Exhibits 2 and 3.) These objections were primarily based upon the following grounds: 1) the subpoena duces tecum was not issued "from the court for the district in which the production or inspection is to be made," contrary to the requirements of F. R. Civ. P. 45(a)(2); 20 the subpoena duces tecum sought to require production in a venue not authorized pursuant to F. R. Civ. P. 45(b)(2), (c)(3)(A)(ii),or (c)(B)(iii); and 3) the subpoena duces tecum was not authorized by this Court as required under F. R. Civ. R. 45(b)(2) and 28 U.S.C. § 1783 ("Walsh Act")[1]

---

[1] It was also not clear whether the subpoena properly served and accompanied by the witness fee and mileage check as required by Rule 45(b)(1) and (2), and it did not allow a reasonable time for compliance as required by Rule 45(c)(3)(A)(i).

1

On December 29, 2005, FortuNet's counsel withdrew the subpoena issued from the U.S. District Court for the District of Nevada (Exhibit 4), but simultaneously issued a so-called "revised" subpoena duces tecum under the auspices of this Honorable Court, which was again directed to BK of Canada. (Exhibit 5.) This latest subpoena directs BK to produce certain documents in Wilmington, Delaware on January 13, 2006. (Exhibit 5.) On January 7, 2006, Melange lodged written objections to this latest subpoena duces tecum, again explaining that the subpoena was invalid and unenforceable because FortuNet's counsel had not complied with the procedure, pursuant to F. R. Civ. P. 45(b)(2) and the Walsh Act, 28 U.S.C.§ 1783, for subpoenaing documents from a witness located in a foreign country. Melange's counsel explained to FortuNet's counsel:

> "The Walsh Act, 28 U.S.C. 1783, governs the procedure for obtaining a subpoena for a U.S. witness located in a foreign county, and you have failed to comply with any of those requirements. Rule 45(b)(2) allows witnesses located in foreign countries to be subpoenaed only when allowed by a court pursuant to 28 U.S.C. 1783. However, a subpoena cannot be issued to a witness abroad unless the district court finds both that the subpoena is necessary in the interest of justice and that it is impossible to obtain the testimony or documents in any other manner. The validity of the Walsh Act has been upheld by the United States Supreme Court. See, e.g., *Blackmer v. United States*, 284 U.S. 421 (1932).
>
> "If after a showing is necessity, the district court authorizes the issuance of a subpoena under Section 1783, it must be served according to the methods provided in the Federal Rules of Civil Procedure, and the estimated travel expenses must be tendered to the witness at the time of service."

(Exhibit 6.)

2

## LAW AND ARGUMENT

Under federal law, a subpoena directed to a national or resident of the United States located in a foreign country, such as BK, must be issued in accordance with F. R. Civ. P. 45(b)(2) and 28 U.S.C. § 1783. Rule 45(b)(2) provides:

> A subpoena directed to a witness in a foreign country who is a national or resident of the United States <u>shall issue under the circumstances and in the manner and be served as provided in Title 28, U.S.C. § 1783</u>.

(Emphasis added.) 28 U.S.C. § 1783 requires:

> (a)    <u>A court of the United States may order the issuance of a subpoena</u> requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States <u>who is in a foreign country</u>, or requiring the production of a specified document or other thing by him, <u>if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice</u>, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner.
>
> (b)    The subpoena shall designate the time and place for the appearance or for the production of the document or other thing. Service of the subpoena and any order to show cause, rule, judgment, or decree authorized by this section or by section 1784 of this title shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country. The person serving the subpoena shall tender to the person to whom the subpoena is addressed his estimated necessary travel and attendance expenses, the amount of which shall be determined by the court and stated in the order directing the issuance of the subpoena.

(Emphasis added.)

In the instant matter, the witness, BK, while apparently incorporated in Delaware, is located in Ontario, Canada. Upon information and belief, BK has no office, employees, or property of any kind located in Delaware, and conducts no business in Delaware.

3

Thus, to subpoena documents from BK, which is located in a foreign country, the requirements of Rule 45(b)(2) and 28 U.S.C. § 1783 must be followed. This means FortuNet was required to petition this Court for the issuance of such a subpoena and was further required to demonstrate that the subpoena is "necessary in the interest of justice." That FortuNet was so required to obtain an order from this Court for the issuance of such a subpoena is well-settled law. See, e.g., *Klesch & Company Ltd v. Liberty Media Corp.*, 217 F.R.D. 517 (D. Colo. 2003) ("The decision to issue a subpoena under this statute [28 U.S.C. § 1783) is left to the sound discretion of the court."); *Gateway Bank v. GMG Brokerage Services, Inc.*, 2002 WL 32002677 (D. Conn. 2002) (plaintiff obtained subpoena from district court for U.S. citizen who fled to Cayman Islands and no discovery could be taken from him absent court-ordered subpoena pursuant to 28 U.S.C. § 1783); and *In re Thompson*, 213 F. Supp. 372, 374 (S.D. N.Y. 1963) (citing *Blackmer v. United States*, 284 U.S. 421 (1932). Despite being fully advised of the federal court rule and statute, FortuNet has failed and refused to comply with any of these requirements.

Where a subpoena is issued in violation of law or court order, a party such as Melange has standing to move to quash the subpoena. See, e.g., *In re Letter Rogatory from the Justice Court, District of Montreal, Canada*, 523 F.2d 562 (6th Cir. 1975) ("a party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of the applicable statute, here 28 U.S.C. § 1782. We hold that Fecarotta has standing to challenge the validity of the subpoena on the theory that it is not authorized by section 1782, the governing statute."); *Integra Life Sciences I, Ltd v. Merck KGaA*, 190 F.R.D.

4

556 (S.D. Cal. 1999) ("Although Rule 45 only appears to authorize such a motion by the subpoenaed party, any party to the litigation would have the right to move for a protective order where the subpoena was in violation of case management orders issued under Fed. R. Civ. P. 16 and 26.")

## CONCLUSION AND RELIEF REQUESTED

Pursuant to D. Del. L.R. 7.1.1, undersigned counsel certifies that he has made a reasonable effort to reach agreement with the opposing attorney, Michael D. Rounds, to have the subpoena duces tecum withdrawn. However, undersigned counsel was unable to reach an agreement as of the time of this filing and the return date on the subpoena duces tecum is January 13, 2006.[2] (Exhibit 6.) Therefore, to be timely, Melange had no choice by to proceed now with the filing of this motion to quash.

Therefore, based upon the foregoing authorities and argument, Melange respectfully requests that this Honorable Court issue an order quashing and hold for naught the subpoena duces tecum issued under its auspices, and award Melange its reasonable attorney fees and costs incurred in having to bring this motion.

*Respectfully submitted,*

ATTORNEYS FOR DEFENDANT
MELANGE COMPUTER SERVICES, INC.:

January 10, 2005

By: _____
Mark R. Fox
Fraser Trebilcock Davis & Dunlap, P.C.
124 West Allegan Street – Suite 1000
Lansing, Michigan 48933
(517) 482-5800

---

[2] In its original filing of this Brief, Melange inadvertently referred to the return date on the subpoena as being "December 13, 2006." Of course, as the subpoena attached as Exhibit 5 reflects, the return date is actually "January 13, 2006." Therefore, this page corrects that typographical error as noted by the underlined "January." The reference to Exhibit 6, also underlined above on this page, was inadvertently omitted in the original filing and that is corrected on this page.

5