IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FORTUNET, INC., a Nevada corporation and MILLENNIUM GAMES, INC., a Nevada corporation, <br><br>  Plaintiffs, <br><br> v. <br><br> MELANGE COMPUTER SERVICES, INC., a Michigan corporation, and PLANET BINGO, LLC., a California limited liability company, <br><br>  Defendants. <br><br> And Related Counterclaims And all Consolidated Matters | Misc. No. 06- 7 (KAJ) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO MELANGE'S
MOTION TO QUASH SUBPOENA DUCES TECUM**

OF-COUNSEL:

Michael D. Rounds
Matthew D. Francis
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511
(775) 324-4100

January 24, 2006
716597 / 29964

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: 302-984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs FortuNet, Inc.
and Millennium Games, Inc., and Counter-
defendant Jack Coronel*

**TABLE OF CONTENTS**

                                          **Page**

I.    INTRODUCTION ........................................................................................1

II.   BACKGROUND .........................................................................................1

III.  ARGUMENT ..............................................................................................5

       A.    Melange's Motion Should be Denied Since Melange Does
             Not Have Standing to File a Motion to Quash the Subpoena
             Served on Third Party BK............................................................5

       B.    Because BK is a Domestic Corporation Incorporated In
             Delaware, the Tenets of the Walsh Act are Inapplicable................6

IV.  CONCLUSION............................................................................................9

# TABLE OF AUTHORITIES

**CASES**                                                                                           **Page(s)**

*Brautigam v. Priest*,
    C.A. No. 99-365-SLR, 2000 WL 291534 (D. Del. Mar. 2, 2000) ............................ 7

*Dart Industries, Inc. v. Liquid Nitrogen Processing Corp. of Cal.*,
    50 F.R.D. 286 (D. Del. 1970) ............................................................................ 5

*Federal Open Mkt. Comm. v. Merrill*,
    443 U.S. 340 (1979) ......................................................................................... 6

*Folsom v. Heartland Bank*,
    No. Civ. A. 98-2308-GTV, 1999 WL 322691 (May 14, 1999) ........................... 5

*First American Corp. v. Price Waterhouse, LLP*,
    988 F. Supp. 353 (S.D.N.Y. 1997) .................................................................. 7

*Ghandi v. Detroit*,
    74 F.R.D. 115 (E.D. Mich. 1977) ..................................................................... 7

*Hill v. Dillard's Inc.*,
    No. 00-2523-JWL, 2001 WL 1718367 (D. Kan. Oct. 9, 2001) ........................... 5

*In re Grand Jury Subpoena Duces Tecum Addressed to Canadian Int'l Paper Co.*,
    72 F. Supp 1013 (S.D.N.Y. 1947) ................................................................... 7

*In re Madden*,
    151 F.3d 125 (3rd Cir. 1998) ............................................................................ 8

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ......................................................................................... 7

*Kolyba Corp. v. Banque Nationale De Paris*,
    316 A.2d 585 (Del. Ch. 1973) .......................................................................... 7

*Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*,
    519 F.Supp. 668 (D. Del. 1981) ...................................................................... 5

*Pacitti v. Macy's*,
    193 F. 3d 766 (3rd Cir. 1999) .......................................................................... 8

*Sears, Roebuck & Co. v. Sears*,
    44 F.Supp. 1297 (D. Del. 1990) ...................................................................... 7

## **STATUTES**

28 U.S.C. § 1783 .......................................................................................................... 6

28 U.S.C. § 1391(b) ..................................................................................................... 7

28 U.S.C. § 1391 (c) .................................................................................................... 7

Fed. R. Civ. P. 45 ......................................................................................................... 7

## **OTHER**

9A C. Wright & A. Miller 2459, Federal Practice & Procedure § 2664 (2005) .................... 5

I.  **INTRODUCTION**

Plaintiffs FortuNet, Inc. and Millenium, Inc. ("FortuNet") hereby oppose Defendant/Counter-Plaintiff Melange Computer Services, Inc.'s ("Melange") Motion to Quash Subpoena Duces Tecum. Since Melange does not have standing to bring its Motion, and the Motion lacks merit, it must be denied.

II. **BACKGROUND**

**The Nevada Action**

This is an action for patent infringement and related claims venued in the District of Nevada, entitled *FortuNet, Inc. et al. v. Melange Computer Services, et al., CV-S-04-1488 PMP (PAL)*. In that action, FortuNet alleges that Melange infringes U.S. Patent No. 4,856,787 ("'787 patent") through at least the sale of its Max Pak device and system. Rounds Decl., ¶ 2, Exhibits A and B.[1]

By way of background, the '787 patent discloses and claims a game network in which a player can play two or more games that are executed "concurrently" on the player's unit or "slave game device." Rounds Decl., ¶ 2A, Exhibit A. For example, a player can play electronic poker or bingo on the player's unit. The only defense to infringement raised by Melange is whether its Max Pak player's unit executes its numerous games such as Bingo, Bonanza Bingo, VIPick'em, Poker and Keno "concurrently." Id.

Prior to its litigation with Melange, FortuNet had successfully asserted its '787 patent against BK Entertainment ("BK," formerly known as Stuart Entertainment) in the District of Nevada. Rounds Decl., ¶ 2B. On summary judgment, the Court found that

---

[1] All lettered exhibits are attached to the Declaration of Michael D. Rounds filed contemporaneously herewith.

BK had infringed the '787 patent, and BK subsequently filed bankruptcy for this and other reasons. *Id.* As a result of the bankruptcy, FortuNet was forced to settle a patent case with massive damages for $375,000. *Id.*, Exhibit D.

Melange and BK have apparently had a business relationship since 1998, in which BK's player units have at least been used with Melange's Epic software bingo system. Rounds Decl., ¶ 2C. During the deposition of Mr. Wei, Melange's President, on November 29, 2005, FortuNet sought to learn more about the nature of Melange and BK's past and present relationship. *Id.* However, Melange either refused to produce the documents or redacted them on the basis that it allegedly had confidentiality agreements with BK. *Id.* When pressed, both Melange and BK refused to produce responsive documents under the protective order in the Nevada action, and FortuNet was therefore required to issue the subpoena now at issue. *Id.*

### The BK Subpoena

On December 22, 2005, FortuNet served BK with the subpoena duces tecum attached to Melange's Motion as Exhibit 1. Rounds Decl., ¶ 3. The subpoena requested three basic categories of documents: (1) All agreements with Melange from 1997 through the present; (2) All agreements with bingo halls that refer to Melange and any electronic unit offered for sale by BK; and (3) Any revenue received by BK pursuant to these agreements. *Id.*

BK is incorporated in the State of Delaware, and was incorporated on October 31, 1986. Rounds Decl., ¶ 4. BK's agent for service of process is the Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. *Id.* BK

2

is listed as a "domestic" corporation on the State of Delaware's Division of Corporations' website. *Id.*, Exhibit E.

After BK was served, on December 28, 2005, Melange's counsel sent Plaintiffs' counsel a letter complaining that the subpoena was: (1) issued from the District of Nevada; (2) did not include a proper witness fee and mileage check; and (3) did not provide for reasonable time for compliance. *See* Exhibit 3 to Melange's Motion.

On December 29, 2005, FortuNet advised BK, as well as all defense counsel, that it was withdrawing its December 22nd subpoena, and was serving BK with a revised subpoena. *See* Exhibit 4 to Melange's Motion. Rounds Decl., ¶ 6. Although the objection concerning the proper district was technical and should have simply been resolved amongst counsel, FortuNet immediately served a new subpoena with a caption for the District of Delaware. *Id.*

On December 30, 2005, BK's counsel wrote a letter to Plaintiffs' counsel complaining about the December 22nd subpoena. Rounds Decl., ¶ 7; *see* Exhibit 2 to Melange's Motion. Apparently emulating Melange, BK's counsel raised the same issues as Melange. Rounds Decl., ¶ 7.

On January 3, 2006, Plaintiffs' counsel responded to Defense counsel Fox's December 28th letter. Rounds Decl., ¶ 8, Exhibit F. In that letter, Plaintiffs' counsel stated that a new subpoena had been issued with this Court's caption, and disputed Melange's Walsh Act arguments. *Id.* On January 4, 2006, Plaintiffs' counsel wrote counsel for BK a similar letter, stating that a new subpoena had been issued, that the Walsh Act arguments were meritless and, if BK maintained its objections, FortuNet would file a motion to compel. *Id.*, ¶ 9, Exhibit G.

3

On January 7, 2006, Melange's counsel sent Plaintiffs' counsel an email rehashing his Walsh Act and witness/mileage fees arguments, and demanding that the December 29th subpoena be withdrawn. Rounds Decl., ¶ 10, Exhibit H. On the same day, Plaintiffs' counsel responded to the email, rejecting these arguments and the artificial deadline imposed, and pointing out the continuing interference with a legitimate request for documents. *Id.* Defense counsel Fox responded by stating that Melange had standing to move to quash the subpoena since the subpoena amounted to an "abuse of process," and continued with a now routine disparagement of FortuNet, its principals and its case. *Id.*

On January 9, 2006, defense counsel allegedly emailed a copy of the present Motion to Plaintiffs' counsel while he was out of town in another case. Rounds Decl., ¶ 11, Exhibit I. Plaintiffs' counsel responded by stating that he had not had a chance to research Melange's counsel's points, and that there had been no request for an extension on the subpoena. *Id.*, Exhibit J. As it turned out, there was no need for the alleged rush to judgment asserted by Melange, because the due date was not until January 13, 2006, as opposed to January 11, 2006. *Id.*

To date, BK has not sent a letter objecting to the December 29th subpoena, and only Melange has filed a Motion. Rounds Decl., ¶ 12; Exhibit K. BK has simply taken a backseat to await the outcome of Melange's Motion. *Id.* With this background in mind, Melange's Motion must be denied for the reasons set forth below.

## III.  ARGUMENT

### A. Melange's Motion Should be Denied Since Melange Does Not Have Standing to File a Motion to Quash the Subpoena Served on Third Party BK

The law is clear that Melange does not have standing to challenge the December 29th subpoena to BK. Professors Wright and Miller explain as follows:

> "A motion to quash, or for a protective order, should be made by the person from whom the documents or things are requested. Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought."

9A C. Wright & A. Miller 2459, Federal Practice & Procedure § 2664 (2005), citing *Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F.Supp. 668, 680 (D. Del. 1981); *see also Dart Industries, Inc. v. Liquid Nitrogen Processing Corp of Cal.*, 50 F.R.D. 286 (D. Del. 1970).

Melange has not claimed any personal right or privilege with regard to the documents sought by FortuNet. *See* Mot., pp. 1-5. This is because the documents to be produced do not fall into either of these categories. The documents to be produced are not attorney-client privileged, and they are not solely Melange's documents. The requested documents are simply contracts between BK and Melange, Melange or BK and bingo halls, and representative accounting documents related to those contracts. *See* Ex. 4 to Melange's Motion. Though Melange also claims some of the documents are "confidential," confidentiality does not equate to privilege. *Hill v. Dillard's Inc.*, No. 00-2523-JWL, 2001 WL 1718367, *4 (D. Kan. Oct. 9, 2001) (attached as Exhibit 1 hereto) (citing *Folsom v. Heartland Bank*, No. Civ. A. 98-2308-GTV, 1999 WL 322691, *2 (May 14, 1999); *see also Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979).

² Moreover, Melange's alleged "confidential" information is already adequately secured by the protective order in the Nevada proceedings, and is not a basis for standing. *See Hill, supra* at *4.

Melange only proffers an argument that it has standing to challenge the validity of the subpoena on the theory that the subpoena is not authorized by 28 U.S.C. § 1783 - the Walsh Act. This argument is invalid, however, because it is based on Melange's mistaken assumption that the Walsh Act governs these facts. *See infra.* More importantly, it is BK – the alleged foreign witness that is a Delaware corporation – that is the proper party to raise these personal objections, not Melange.

In light of the foregoing, Melange has no standing to file its Motion, and as a result, its Motion should be denied. However, even if the Court decided to entertain Melange's arguments, the arguments should be rejected as a matter of law.

**B.      Because BK is a Domestic Corporation Incorporated In Delaware, the Tenets of the Walsh Act are Inapplicable**

Melange argues that the December 29th Subpoena is directed at a resident of the United States located in a foreign country – i.e., BK. Mot., p. 3. As such, Melange argues that the subpoena should be issued in compliance with the Walsh Act. *Id.* Under the Walsh Act, a district court may issue a document subpoena to a resident of the United States who is in a foreign country if the court finds that the production of the document is necessary and in the interests of justice. 28 U.S.C. § 1783.

The Walsh Act does not apply since BK is a Delaware resident and is not located in a foreign country. As discussed above, BK is listed as a "domestic" Delaware

---

² Even if the requested documents were proprietary – which they are not – they could be produced pursuant to the protective order in place in the pending Nevada action. FortuNet has offered this simple compromise on several occasions.

6

corporation that has been incorporated since 1986. *See supra.* As such, BK may be served in Delaware since it is incorporated there. *Id.*; *see also First American Corp. v. Price Waterhouse, LLP.*, 988 F. Supp. 353, 360-61 (S.D.N.Y. 1997) (district court granted a motion to compel compliance with a subpoena served on a foreign partnership after finding jurisdiction over that partnership in New York, the state where the subpoena was issued from). A corporation may be served with a subpoena anywhere where it has minimum contacts. Fed. R. Civ. P. 45; *Ghandi v. Detroit*, 74 F.R.D. 115, 121 (E.D. Mich. 1977), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A corporation has minimum contacts wherever it is incorporated as a matter of federal law, and can be sued in any district where it is incorporated. 28 U.S.C. § 1391(b), (c); *Brautigam v. Priest*, C.A. No. 99-365-SLR, 2000 WL 291534, * 3 (D. Del. Mar.2, 2000) (attached as Exhibit 2 hereto); *Sears, Roebuck & Co. v. Sears*, 744 F.Supp. 1297, 1303 (D. Del. 1990). Delaware law allows service of legal process on Delaware corporations by delivering a copy to the registered agent of the corporation in Delaware. 8 Del. Code § 531(a). Service of a subpoena duces tecum directed to a Delaware corporation upon its resident agent is valid and effective. *Kolyba Corp. v. Banque Nationale De Paris*, 316 A.2d 585, 588 (Del. Ch. 1973). Moreover, the mere fact that "a corporation's records and documents are physically located beyond the confines of the United States does not excuse it from producing them if they are in its possession and the court has jurisdiction of the corporation. The test is control – not location of the records." *In re Grand Jury Subpoena Duces Tecum Addressed to Canadian Int'l Paper Co.*, 72 F. Supp. 1013, 1020 (S.D.N.Y. 1947). Therefore, service of the subpoena on BK's

7

registered agent in Delaware was proper and valid, and the documents must be produced because they are within BK's possession, custody or control.

Further, the Court should reject Melange's "foreign witness" arguments as a matter of simple logic. As evidenced by its Minnesota bankruptcy and Delaware incorporation, BK routinely avails itself of the privileges of being incorporated and doing business domestically. To now argue that it is a foreign witness under these circumstances, not subject to a federal subpoena, is not a good faith argument.

Even if the Walsh Act did apply – which it does not – the requested documents are "necessary and in the interest of justice" because they go to the core issue of infringement in this case. Since the documents are relevant, and the Federal Rules are liberal with regard to relevant discovery, those documents should be produced by BK. *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3rd Cir. 1999) (citing *In re Madden*, 151 F.3d 125, 128 (3rd Cir. 1998). At a minimum then, the Court should allow issuance of the subpoena under the Walsh Act and an appropriate order is requested if the Court deems the Walsh Act applicable.

## IV. CONCLUSION

In light of the foregoing, Melange's Motion must be denied, and BK should be required to produce the requested documents within 10 days of the Court's order.

POTTER ANDERSON & CORROON LLP

By: /s David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    Tel: 302-984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

OF-COUNSEL:

Michael D. Rounds
Matthew D. Francis
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511
(775) 324-4100

January 24, 2006
716597 / 29964

*Attorneys for Plaintiffs FortuNet, Inc. and Millennium Games, Inc., and Counter-defendant Jack Coronel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 24, 2006, the attached document was mailed via first class mail to the following non-registered participants and was electronically filed with the Clerk of the Court using CM/ECF:

Mark Fox
Toni Harris
Fraser, Treblicock, Davis & Dunlap
124 West Allegan Street, Suite 1000
1000 Michigan National Tower
Lansing, MI 48933

Jeffery Weiss
Karen Sepura
Veronica Adele Cao
Weiss, Moy & Harris
4204 North Brown Avenue
Scottsdale, AZ 85251

By:  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

716600